**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| J.T. RICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-883-J |
| ) | |
| STEPHENS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On December 29, 2023, the Court re-referred this matter to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin screened Plaintiff's First Amended Complaint [Doc. No. 11] and recommended the action be dismissed without prejudice. [Doc. No. 30]. Plaintiff has objected [Doc. No. 33], triggering de novo review.

**I.   Background**

Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging constitutional violations against numerous individuals. [Doc. No. 1]. Judge Erwin ordered Plaintiff to cure several deficiencies, including ordering Plaintiff to resubmit the pleading as a First Amended Complaint on the Court's approved form. [Doc. No. 6]. Plaintiff was cautioned that "if the First Amended Complaint contains multiple Defendants, 'it is particularly important that [it] make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her.'" *Id.*, note 1 (cleaned up). Thereafter, Plaintiff filed the First Amended Complaint naming fourteen Defendants. [Doc. No. 11].

**II.     De Novo Review**

Judge Erwin screened the First Amended Complaint and found that it failed to comply with his instructions; notably, that under each of Plaintiff's allegations, he listed multiple Defendants with no explanation of their individual participation in the alleged violation. [Doc. No. 30]. That is, both the parties and the Court are left wondering how each party personally participated in the alleged violation. Under these circumstances, the Court finds that Plaintiff's First Amended Complaint fails to satisfy Fed. R. Civ. P. 8(a)(2). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) ("In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore, it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her[.]").

The Court acknowledges that Plaintiff has at least attempted to set forth his allegations in more detail in his Objection. [Doc. No. 33]. However, "Plaintiff cannot amend his Complaint through . . . objections in opposition to the Recommendation." *White v. Baldridge*, No. 21-CV-02937-NYW-STV, 2022 WL 17751247, at *6, n.7 (D. Colo. Dec. 19, 2022) (cleaned up). And as noted above, Judge Erwin specifically cautioned Plaintiff that his First Amended Complaint needed to set forth the relevant details. Because Plaintiff has already been granted one opportunity to cure his deficient allegations and failed to comply, the Court DISMISSES the First Amended Complaint without prejudice.

**III.    Conclusion**

On de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 30] and DISMISSES this action without prejudice. A separate judgment will enter.

IT IS SO ORDERED this 31st day of January, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

3